UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                        Criminal Case No. 13-20184

Rickey Lee Martin, Jr., *et al.*                          Honorable Sean F. Cox

    Defendants.
_____/

## ORDER

    In this action, Defendant Rickey Lee Martin, Jr. ("Martin") was originally charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On July 9, 2013, the Government filed a First Superceding Indictment, adding witness tampering charges against both Martin and a new Defendant, Chavonne R. Simmons ("Simmons"). On August 22, 2013, the Government filed a Second Superceding Indictment that reduced the witness tampering counts from three counts to one count.

    On September 10, 2013, this Court held a Status Conference and motion hearing in this matter, during which this Court addressed several pending motions and outstanding issues.

    Pursuant to this Court's most recent Trial Order (D.E. No. 57), the deadline for Simmons and Martin to file pretrial motions as to the witness tampering charges was August 2, 2013; the plea cutoff for Simmons and Martin, as to the witness tampering charges, was August 30, 2013; and trial was scheduled to begin on September 17, 2013.

    On August 1, 2013, Martin filed a motion seeking to adjourn the deadline for filing pretrial motions (D.E. No. 64) and on August 28, 2013, Simmons filed a motion seeking to

1

extend the deadline for filing pretrial motions and to adjourn the trial date. (D.E. No. 80). As discussed during several conferences with the parties, her motion is based on the fact that the Government has not yet provided requested discovery to the parties. Specifically, Counsel for Simmons has requested, during several conferences and hearings before this Court, that the Government provide him with a copy of the video/audio recording of a statement that Simmons provided to law enforcement officers. The Government has acknowledged the existence of the recording, but to date, has not yet provided it to Defendants.[1]

The Court hereby **ORDERS** that, no later than **12:00 p.m. on Friday, September 13, 2013**, Counsel for the Government **SHALL DELIVER** a copy of the video/audio recording of Simmons's statement to Attorney Arthur Weiss's Office. The Court Further **ORDERS** that if Counsel for the Government fails to do so, the Court shall preclude the Government from using Simmons's statement at trial. **IT IS FURTHER ORDERED** that the Government shall also make a copy of the recording available for pick up by Martin's standby counsel.

Given the Government's failure to provide the discovery referenced above, the Court shall **GRANT** Simmons's[2] motion to extend the deadline for her to file pretrial motions until **Friday, September 20, 2013, at 4:00 p.m.** Counsel for Simmons has indicated that he may file two pretrial motions: 1) a motion to sever; and 2) a motion to quash Count II of the Second Superceding Indictment based on duplicity. If Simmons files either of those motions by the new

---

[1]Despite a *September 17*, 2013 trial date, when the Court asked Counsel for the Government, during the *September 10*, 2013 hearing, when the recording would be produced, his response was, "I'm working on it."

[2]At the September 10, 2013 hearing, Martin did not identify any additional pretrial motions that he would like to file. As such, Martin's request for an extension of time to file additional motions is denied.

deadline on September 20, 2013, the Government shall file its response to the motion(s) no later than **9:00 p.m. on September 25, 2013.**

The Court also concludes that an adjournment of the current trial date is warranted. But in adjourning the trial date, this Court must be mindful of speedy trial clock concerns. In light of the parties' differing opinions as to when the speedy trial clock expires, the Court had the parties brief the issue.

On September 4, 2013, Martin, with the assistance of his standby counsel, filed a brief stating that although he believes the "Speedy Trial clock will expire on September 27, 2013," "he *agrees and consents* to an adjournment of trial from September 17th to October 1st." (D.E. No. 88 at 1) (emphasis added). With consent of all the parties, including Defendant Martin, the Court hereby **ADJOURNS the trial date to October 1, 2013 at 8:30 a.m.**

**IT IS FURTHER ORDERED** that the plea cutoff for Martin, as to the witness tampering charges, is **September 20, 2013**.

**IT IS FURTHER ORDERED** that the Court shall hold a Final Pretrial Conference in this matter on **September 20, 2013 at 10:30 a.m.** At the Final Pretrial Conference, the Court shall determine, in light of the status of any additional pretrial motions she has filed, the plea cutoff for Simmons as to the witness tampering charge. On **September 20, 2013**, the Court shall also hold a hearing on the following pending motions: 1) the 911 issue in Martin's Motion to Exclude (D.E. No. 26); 2) Martin's Motion for Grand Jury Transcripts (D.E. No. 31); 3) Martin's Motion to Present Expert Witness at Trial (D.E. No. 50); and 4) Simmons's Motion for Bill of

Particulars (D.E. No. 65).

    **IT IS SO ORDERED**.

                                    S/Sean F. Cox
                                    Sean F. Cox
                                    United States District Judge

Dated:  September 12, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2013, by electronic and/or ordinary mail.

                                    S/Jennifer McCoy
                                    Case Manager