UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                              Criminal Case No. 13-20184

Rickey Lee Martin, Jr., *et al.*                              Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER DENYING
## DEFENDANTS' MOTION FOR BILL OF PARTICULARS

This matter is currently before the Court on a Motion for Bill of Particulars filed by Defendants. The parties have briefed the issues and the Court heard oral argument on September 20, 2013. For the reasons set forth below, the Court shall DENY the motion.

### BACKGROUND

In this action, Defendant Rickey Lee Martin, Jr. ("Martin") was originally charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On July 9, 2013, the Government filed a First Superceding Indictment, adding witness tampering charges against both Martin and a new Defendant, Chavonne R. Simmons ("Simmons").

On August 1, 2013, Defendant Simmons filed a Motion for Bill of Particulars. (Docket Entry No. 65). Defendant Martin then filed a notice that indicates that he wishes to "join" that motion, without providing any argument on the issue. (Docket Entry No. 68).

On August 22, 2013, the Government filed a Second Superceding Indictment that

reduced the jury tampering counts from three counts to one count.

## ANALYSIS

Defendants' motion is brought under FED. R. CRIM. P. 7(f), which provides, in pertinent part:

> (f) Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

FED. R. CRIM. P. 7(f).

It is well established that a motion for a bill of particulars lies within the sound discretion of the trial court. *United States v. Kendall*, 665 F.2d 126, 134 (6th Cir. 1981). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.*

The Sixth Circuit has stated that the "test for whether a bill of particulars is necessary is 'whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.'" *Kendall, supra* at 134.

Here, Defendant Simmons's motion acknowledges that the indictment "tracks" the statutory language at issue and "may be legally sufficient." (Def. Simmons's Br. at 2). Thus, Defendants do not assert that Count II of the Second Superceding Indictment fails to set fort the elements of the offense charged. Rather, in looking at the information that Simmons's asks the Court to order the to Government to disclose, Defendants are seeking detailed disclosures of the

evidence held by the Government. The Court concludes that the Second Superceding Indictment, taken together with the discovery already provided in this case, sufficiently apprises Defendants Simmons and Martin of the charges against them and will allow them to avoid surprise at trial.

## CONCLUSION & ORDER

Accordingly, **IT IS ORDERED** that Defendants' Motion for Bill of Particulars (Docket Entry No. 65 & 68) is **DENIED.**

**IT IS SO ORDERED.**

                                                  S/Sean F. Cox  
                                                  Sean F. Cox  
                                                  United States District Judge

Dated: September 20, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2013, by electronic and/or ordinary mail.

                                                  S/Jennifer McCoy  
                                                  Case Manager