UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                    Criminal Case No. 13-20184

D-2 Chavonne Simmons,              Honorable Sean F. Cox

    Defendant.

_____/

## OPINION & ORDER
## GRANTING MOTION TO DISMISS COUNT II

This matter is currently before the Court on Defendant Chavonne Simmons's Motion to Dismiss Count Two of the Second Superceding Indictment. The parties have briefed the issues and the Court heard oral argument on this motion on November 1, 2013. At the November 1, 2013 hearing, Counsel for the Government confirmed that, in Count II of the Second Superceding Indictment, the Government alleges that Simmons engaged in several different acts that constitute witness tampering under the applicable statute. Given that representation, and after careful consideration of the Sixth Circuit's discussion of duplicity in *Hixon* and *Dedman*, this Court agrees with Simmons that Count II is duplicitous. The Court shall therefore GRANT Simmons's motion and DISMISS COUNT II of the Second Superceding Indictment.

### BACKGROUND

Defendant Rickey Lee Martin, Jr. ("Martin") was initially charged in this action with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On July 9, 2013, the Government filed a First Superceding Indictment, in which it added

1

witness tampering charges against both Martin and a newly-added Defendant, Chavonne Simmons ("Simmons"). Simmons is, or was, engaged to Martin. The First Superceding Indictment included three separate witness tampering counts against both Martin and Simmons:

COUNT TWO
(18 U.S.C. §§ 2; *1512(b)(1)* – Witness Tampering: Aiding and Abetting)

That . . . the defendants . . . aided and abetted one another, and attempted to, as well as did: knowingly and willfully endeavor to corruptly persuade other persons, or engage in misleading conduct toward such other persons *with the intent to: influence, delay, or prevent the testimony of such other persons in official proceedings*, to wit: a Grand Jury in the City of Detroit, Eastern District of Michigan . . .

COUNT THREE
(18 U.S.C. §§ 2; *1512(b)(2)(A)* – Witness Tampering: Aiding and Abetting)
That . . . the defendants . . . aided and abetted one another, and attempted to, as well as did: knowingly and willfully endeavor to corruptly persuade other persons, or engage in misleading conduct toward such other persons *with the intent to: cause or induce such persons to withhold testimony from official proceedings,* to wit: a Grand Jury in the City of Detroit, Eastern District of Michigan . . .

COUNT FOUR
(18 U.S.C. §§ 2; *1512(b)(3)* – Witness Tampering: Aiding and Abetting)
That . . . the defendants . . . aided and abetted one another, and attempted to, as well as did: knowingly and willfully endeavor to corruptly persuade other persons, or engage in misleading conduct toward such other persons *with the intent to: hinder, delay, or prevent the communication to a law enforcement officer or Judge of the United States of information relating to the commission, or possible commission, of a Federal offense,* to wit: Felon in Possession of a Firearm; or a violation of the conditions of supervised release, in violation of Title 18, United States Code, Section 1512(b)(3); and Title 18, United States Code, Sections 2.

(First Superceding Indictment) (italics added for emphasis).

On August 22, 2013, the Government filed a Second Superceding Indictment, that

reduced the witness tampering counts from three separate counts to just one count:

COUNT TWO
(18 U.S.C. §§ *1512(b)(1); 1512(b)(2)(A); 1512(b)(3); 18 U.S.C. 2;* – Witness Tampering: Aiding and Abetting)

>That . . . the defendants . . . aided and abetted one another, and attempted to, as well as did: knowingly and willfully endeavor to intimidate, threaten, and corruptly persuade other persons, or engaged in misleading conduct toward such other persons with the intent to: *(a) influence, delay, or prevent the testimony of such other persons in official proceedings,* to wit: a Grand Jury in the City of Detroit, Eastern District of Michigan . . . *in violation of Title 18 United States Code, Section 1512(b)(1)***;** and Title 18, United States Code, Section 2; and *(b) caused or induced such person or persons to withhold testimony from official proceedings, to wit*: a Grand Jury in the City of Detroit, Eastern District of Michigan, *in violation of Title 18, United States Code, Sections 1512(b)(2)(A);* and Title 18, United States Code, Sections 2; and *(c); and [sic] did hinder, delay, or prevented the communication to a law enforcement officer or Judge of the United States of information relating to the commission, or possible commission, of a Federal offense, to wit: Felon in Possession of a Firearm; or a violation of the conditions of supervised release, in violation of Title 18, United States Code, Sections 1512(b)(3);* and Title 18, United States Code, Sections 2.

(Second Superceding Indictment) (italics added for emphasis).

On September 19, 2013, Simmons filed the instant "Motion To Dismiss Count Two" of the Superceding Indictment. (Docket Entry No. 95). After full briefing by the parties, the Court heard oral argument on November 1, 2013.

During the course of this case, the Government has made various statements which give this Court the impression that the Government alleges that Simmons engaged in several different acts that constitute witness tampering in violation of 18 U.S.C. § 1512(b). (*See, e.g.*, Docket Entry No. 72 at 13, wherein the Government states "[e]ven if the indictment does not detail each of the specific acts of the aiding and abetting" it nevertheless clearly alleges that Defendants were involved in witness tampering.). In order to allow this Court to properly evaluate

3

Simmons's Motion to Dismiss based on duplicity, at the November 1, 2013 hearing, this Court asked Counsel for the Government whether Count II is based upon several different acts by Simmons:

> THE COURT: Mr. Haugabook based upon – during the course of this case and written statements by the government and your response to Mr. Weiss's motion to dismiss, it appears that in Count II of the superceding indictment, the government's alleging that Simmons engaged in *several different acts that constitute witness tampering, is that correct?*
> MR. HAUGABOOK: *Yes, sir.*

(11/1/13 Hrg. Tr. at 1) (emphasis added). Although the Government's brief had asserted that Simmons lied to the F.B.I., and to the Grand Jury, and that she had sent a letter making certain statements to Judge Borman, at the November 1, 2013 hearing, Counsel for the Government stated that the Government is not charging Simmons based upon those actions. The Government stated that all of the alleged acts committed by Simmons relate to her tampering with the same witness – Ms. Joyce. (*Id*. at 9). But the alleged acts by Simmons occurred on different dates, and relate to multiple conversations and meetings that Simmons had with Martin and/or with Joyce. (*Id*. at 10-12).

## ANALYSIS

**I.     Is Count Two Of The Second Superceding Indictment Duplicitous?**

In the pending motion, Simmons contends that this Court should dismiss Count Two of the Second Superceding Indictment for duplicity.

"A duplicitous indictment charges two or more separate and distinct crimes in a single count.*" United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993) (citing *United States v. Duncan*, 850 F.2d 1104, 1108-09 n.4 (6th Cir. 1988)). The Sixth Circuit has explained that

"[t]he overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both. Adverse effects on a defendant may include improper notice of the charges against him, prejudice in the shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and of course the danger that a conviction will result from less than unanimous verdict as to each separate offense." *Duncan*, 850 F.2d at 1108 n.4.

In *Hixon*, the defendant was charged with *four separate* "counts of knowingly and willfully making a false material statement and representation and knowingly and willfully concealing by scheme, trick, and device a material fact; 'that is, the defendant submitted Claims for Continuing Compensation on Account of Disability and annual disclosure statements falsely indicating that he was not self-employed and concealing his self-employment and ownership of Woods and Water Outdoor Consultants, Inc.,' in violation of 18 U.S.C. § 1000." *Hixon*, 987 F.2d at 1264. The jury convicted him as to all four counts.

On appeal, the defendant argued that the district court erred in failing to dismiss the indictment for duplicity. *Id*. The indictment in that case charged violations of 18 U.S.C. § 1001, which provides:

> Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

*Id*. at 1265. The defendant claimed that because the indictment charged him "in the conjunctive" and did not "follow the exact wording the statute (i.e., it allege[d] the defendant made a false

5

statement and concealed by scheme, etc., a material fact), the indictment improperly charges two separate offenses in one count and should be dismissed for duplicity." *Id*. at 1265. The Sixth Circuit cited with approval the proposition that if a statute "defines but a single offense, it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." *Id.* at 1265. As to the case before it, the Sixth Circuit concluded that the district court "did not err in concluding that 'an indictment alleging the different kinds of conduct in a single count *based on a single document* is not duplicitous'" and therefore the district court "did not err in denying defendant's motion to dismiss the indictment." *Id*. (emphasis added).

The Sixth Circuit later issued another decision wherein it explained how and why a different indictment charging a defendant with having violated that same statute could be considered duplicitous. *United States v. Dedman,* 527 F.3d 577 (6th Cir. 2008). In that case, the defendant was originally charged with conspiracy to defraud the government. The government later added a *single count* for making material false statements to a government agent in violation of 18 U.S.C. §1001. *Id*. at 583. The jury found the defendant guilty as to both counts. On appeal, the defendant challenged, among other things, the sufficiency of the evidence to support the false statement charge. The Sixth Circuit rejected that challenge, but in *dicta*, concluded that the defendant "may have had grounds for claiming that the second count of the indictment was duplicitous," explaining:

> A duplicitous indictment is one that charges separate offenses in a single count. The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both. Adverse effects on a defendant may include improper notice of the charges against him, prejudice in the

6

> shaping of evidentiary rulings, in sentencing, in limiting review on appeal, in exposure to double jeopardy, and of course the danger that a conviction will result from a less than unanimous verdict as to each separate offense.

*Duncan*, 850 F.2d at 1108 n.4. We held in 1993 that "Congress, in enumerating several different types of fraudulent conduct in Section 1001, did not create separate and distinct offenses." *United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993) . . . *and, thus, "it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." Id. This meant not that multiple false statements could be alleged in a single count, but that the government could say within the same count that a particular statement was both a false statement and concealment by scheme, because either is a violation of § 1001. See id. Thus, we were too broad and misinterpreted Hixon when we later said that "multiple factual predicates for violation of a statute do [ ] not render the indictment duplicitous." United States v. Washington, 127 F.3d 510, 513 (6th Cir. 1997), cert. denied, 524 U.S. 940, 118 S.Ct. 2348, 141 L.Ed.2d 718 (1998). Separate allegedly false statements, as we have in the instant case, are not mere "multiple factual predicates" but rather are entirely separate offenses; even in Hixon, with statements made on four separate occasions, the government had the good sense to charge each statement as a separate violation of § 1001 in its own count. Hixon*, 987 F.2d at 1264 n.3.

*Dedman,* 527 F.3d at 601 n.10 (emphasis added). The Sixth Circuit stated that "[t]he government's indictment may have been duplicitous, but unfortunately for *Dedman*," he failed to raise the issue in the district court and the Sixth Circuit could not therefore reverse on that ground. *Id.*

Although a different statute is at issue here, this Court believes the above cases demonstrate why Count II of the Second Superceding Indictment is duplicitous. The Second Superceding Indictment charges Simmons with violating 18 U.S.C. § 1512(b), which provides:

> (b) Whoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to –
>     (1) influence, delay, or prevent the testimony of any person in an official proceeding;
>     (2) cause or induce any person to –
>         (A) withhold testimony, or withhold a record, document, or other

>> object, from an official proceeding;
> (B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
> (C) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
> (D) be absent from an official proceeding to which such person has been summoned by legal process; or
>
> (3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings;
>
> shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 1512(b).

This Court concludes that Count II of the Second Superceding Indictment can be readily distinguished from the non-duplicitous indictment in *Hixon*, and is analogous to the duplicitous indictment in *Dedman*.

Unlike the indictment in *Hixon*, that included separate counts that were based upon different false statements allegedly made by the defendant, the indictment at issue here charges Simmons with one count that is based upon several different actions that Simmons allegedly took, over the course of several weeks, that constitute witness tampering.

The Second Superceding Indictment would be comparable to the indictment in *Hixon*, and non-duplicitous, if it had charged Simmons with separate counts of witness tampering – each based upon a separate action taken by Simmons. Like the multiple counts in *Hixon*, such separate counts would not be duplicitous by virtue of alleging, alternatively or additionally, that Simmons engaged in a specific act with different intents. For example, suppose the indictment charged that during a March 1, 2013 meeting with Joyce, Simmons threatened Joyce with

physical violence if Joyce testified before the Grand Jury. The count based upon that action would not be duplicitous under *Hixon* if it alleged that Simmons took that action with the intent to "delay" Joyce's testimony in violation of §1512(b)(1) and/or that she took that same action with the intent to "induce" Joyce to "withhold testimony" from the Grand Jury in violation of § 1512(b)(2).

The Second Superceding Indictment in this case is analogous to the defective indictment in *Dedman*. In Count II of the Second Superceding Indictment, like the indictment at issue in *Dedman*, the Government is alleging multiple separate actions by the defendant that violate the statute, but includes them all in the same count. Such separate actions that allegedly violate the statute "are not mere 'multiple factual predicates' but rather are entirely separate offenses." *Dedman*, 527 F.3d at 600 n. 10; *see also United States v. Anderson-Bagshaw*, 509 Fed. App'x. 396, 411 (6th Cir. 2012) ("In a crime involving a false statement, separate false statements are 'entirely separate offenses.'"). Thus, they are duplicitous when they are combined into a single count.

To illustrate the point, consider how the "vice of duplicity" could prejudice Simmons if this case went to trial. The Government would admit evidence seeking to prove that Simmons took several different actions, on different dates over the course of several weeks, that were all aimed at getting Joyce to alter or withhold her Grand Jury testimony. Because there is just one count that the jury would return a verdict on, there would be no way of knowing which of the alleged actions the jury found that Simmons committed. And worse yet, there would be no way to know if, in fact, the jury had *unanimously* agreed on *any one* of those different actions.

Accordingly, this Court concludes that Count II of the Second Superceding Indictment is

9

duplicitous.

## II. If That Count Is Duplicitous, What Is The Remedy?

In her brief, Simmons asserts that the authorities are "divided over what the appropriate remedy is once a judicial finding is rendered construing a count of an indictment duplicitous," with some courts concluding it mandates dismissal and others concluding the Government should be allowed to "cure" the problem by requiring it to elect upon the charge it desires to proceed. (Def.'s Br. at 6). Simmons's brief asserts that "in the cause at bar, the only appropriate remedy is dismissal." (*Id*. at 6-7).

The Government's response brief does not address the appropriateness of the remedy requested by Simmons (dismissal) if the Court concludes that Count II is duplicitous, nor has it offered any viable alternatives to dismissal of Count II.

### CONCLUSION & ORDER

For the reasons set forth above IT IS ORDERED that Defendant Simmons's Motion to Dismiss Count II is GRANTED and that Count II of the Second Superceding Indictment is hereby DISMISSED AS DUPLICITOUS.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: November 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2013, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager