UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                         Criminal Case No. 13-20184

D-2 Chavonne Simmons,            Honorable Sean F. Cox

    Defendant.
_____/

## ORDER REGARDING
## GOVERNMENT'S MOTION FOR RECONSIDERATION

This matter is currently before the Court on the Government's motion seeking reconsideration of this Court's November 4, 2013 Opinion & Order Granting Defendant Chavonne Simmons's Motion to Dismiss Count II of the Second Superceding Indictment.

Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governs motions for reconsideration and provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

A motion for reconsideration"is not properly used as a vehicle to" rehash prior arguments or "advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of*

1

*Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998)); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").

In its Motion for Reconsideration, the Government asks the Court to either: 1) reinstate the Second Superceding Indictment because it is not duplicitous; 2) reinstate the Second Superceding Indictment because a more appropriate remedy would be for the Court to give jury instructions particularizing the distinct offense charged in Count II; or 3) clarify that the dismissal of Count II of the Second Superceding Indictment was without prejudice.

**I.	The Court Continues To Conclude That Count II Is Impermissibly Duplicitous.**

As explained in this Court's Opinion & Order, the Court concludes that Count II of the Second Superceding Indictment is impermissibly duplicitous because it is based upon several different actions that Simmons allegedly took, over a period of time, that constitute witness tampering. Despite any arguments presented in the pending motion, this Court continues to believe that Count II is impermissibly duplicitous.[1]

---

[1] In its motion, the Government states that this Court's Opinion & Order "intimates" that the better course would be for the Government to simply return to "the pleading format of separate counts as it did in the first superceding indictment." The Government has misconstrued the Opinion & Order, which explains that the indictment would not be duplicitous "if it had charged Simmons with separate counts of witness tampering – each based upon a separate action taken by Simmons." (Opinion & Order at 8). Thus, if the First Superceding charged multiple counts that were each based upon several different actions taken by Simmons that constitute

## II.   The Court Considered Whether Appropriate Jury Instructions Could Remedy The Problem, But Concluded That Was Not A Viable Option In This Case.

Defendant Simmons's Motion to Dismiss clearly and unmistakably raised – in a separate section of her brief devoted to it – the issue of the appropriate remedy for the Court to take if it agrees with her that Count II is duplicitous. (*See* Docket Entry No. 95 at 6). Simmons asserted that, under the circumstances of this case, "the only appropriate remedy is dismissal." (*Id.*). Despite Simmons having clearly raised the issue and made that request, Counsel for the Government chose not to address the issue and did not request or suggest any alternative remedy.

Counsel for the Government now asserts, for the first time, that a more appropriate remedy would be "a set of jury instructions and special verdict form that ensures the jury finds each of the separate actions beyond a reasonable doubt." (Govt.'s Br. at 10-11).

This Court actually considered that option. The Court concluded it would not be feasible in this case, however, due to the Government's inability and/or unwillingness to articulate what the separate actions are that Simmons allegedly took that constitute witness tampering. The Court attempted, without success, to extract that information from Counsel for the Government at the November 1, 2013 hearing. The most that this Court was able to glean from Counsel's evasive responses to the Court's direct questions is that in Count II the Government is "alleging that Simmons engaged in several different acts that constitute witness tampering." (11/1/13 Hrg. at 1). This Court still does not know what those separate actions are.

This Court continues to believe that the only viable remedy, given the circumstances presented here, is dismissal of the Count II of the Second Superceding Indictment.

## III.   Before Considering The Government's Final Request, The Court Shall Order

---

witness tampering, it too was duplicitous.

3

**Defendant To File A Supplemental Brief.**

Finally, the Government's motion asks the Court to clarify that the dismissal here is without prejudice.

In her Motion to Dismiss, Defendant Simmons did not state whether she was requesting dismissal with or without prejudice.

The Court concludes that Defendant Simmons should be allowed to respond to this specific request in the pending motion for reconsideration before the Court makes a ruling. The Court shall order Simmons to file any such response, *which must set forth any legal authority supporting her position on the issue*, no later than December 18, 2013.

## CONCLUSION & ORDER

IT IS ORDERED that the Court DENIES the Government's Motion for Reconsideration IN PART. The Court denies the motion to the extent that: 1) the Court continues to conclude that Count II of the Second Superceding Indictment is impermissibly duplicitous; and 2) that the only viable remedy under the circumstances presented here is dismissal.

The Government's remaining request (ie., that the Court clarify that the dismissal is without prejudice) is TAKEN UNDER ADVISEMENT pending a response to the Government's motion by Defendant Simmons. IT IS ORDERED that Defendant Simmons shall file her response no later than December 18, 2013.

IT IS SO ORDERED.

                                S/Sean F. Cox
                                Sean F. Cox
                                United States District Judge

Dated:  December 4, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 13-20184

D-2 Chavonne Simmons,            Honorable Sean F. Cox

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on December 4, 2013, by electronic and/or ordinary mail.

                                                S/Jennifer McCoy
                                                Case Manager