UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 13-20184

D-2 Chavonne Simmons,            Honorable Sean F. Cox

    Defendant.
_____/

## ORDER GRANTING, IN PART, GOVERNMENT'S MOTION FOR RECONSIDERATION

This matter is currently before the Court on the Government's motion seeking reconsideration of this Court's November 4, 2013 Opinion & Order Granting Defendant Chavonne Simmons's Motion to Dismiss Count II of the Second Superceding Indictment.

In its Motion for Reconsideration, the Government asks the Court to either: 1) reinstate the Second Superceding Indictment because it is not duplicitous; 2) reinstate the Second Superceding Indictment because a more appropriate remedy would be for the Court to give jury instructions particularizing the distinct offense charged in Count II; or 3) clarify that the dismissal of Count II of the Second Superceding Indictment was without prejudice.

In an Order issued on December 4, 2013, this Court denied the motion to the extent that: 1) the Court continues to conclude that Count II of the Second Superceding Indictment is impermissibly duplicitous; and 2) that the only viable remedy under the circumstances presented here is dismissal. The Court took the Government's remaining request (ie., that the Court clarify that the dismissal is without prejudice) under advisement and allowed Defendant to file a brief

1

setting forth her position as to that issue.

Having reviewed the parties' briefs, and the sparse authority on the issue, the Court concludes that the better approach is to dismiss Count II of the Second Superceding Indictment without prejudice. *See United States v. Tackett*, 2011 WL 4005347 (E.D. Ky. 2011); *United States v. Munoz-Franco*, 986 F.Supp. 70 (D. Puerto Rico 1997).

IT IS ORDERED that the Government's Motion for Reconsideration IS GRANTED IN PART.  The Court grants the motion only to the extent that it CLARIFIES that the dismissal of Count II of the Second Superceding Indictment is WITHOUT PREJUDICE.  As the Court has ordered the dismissal of Count II as duplicitious, without prejudice, proper pleading will require the government to re-structure any future indictment if such is submitted to the grand jury.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  December 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2013, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager